## Coleman *v.* Smith.

### *Motion to dismiss Appeal.*

" *Subjecting to sale separate estate of married woman;*" *what is not within meaning of act of March* 9, 1871. — Neither the use of moneys of the wife's statutory separate estate in permanent improvements on the husband's lands, nor his executing a trust deed on them to secure a debt due her, constitute them her statutory separate estate. On bill filed by the wife to subject the lands to her demands, a decree ordering a sale to pay the trust deed, but subordinating the claim for money used in improving the land to a mortgage given by the husband to a third person, is in no proper sense a " subjecting to sale the separate estate of a married woman," entitling her to an appeal and supersedeas without security, under the act approved March 9, 1871.

This was a motion to dismiss an appeal, on grounds which are fully stated in the opinion.

W. H. NORTHINGTON, *pro* motion. — The wife waived her rights by bill, electing to proceed against the property as her husband's, even if on the facts she could possibly acquire an estate on the lands, which is denied.

RICE, JONES & WILEY, *contra.* — The appellant belongs to a class favored by courts of equity ; in a certain sense, is a " ward of the court." The statute is remedial and beneficial in its purpose, and should be liberally construed. If Smith should dismiss his appeal and allow the order to be executed and out of the proceeds satisfies his mortgage, appellant's right to be repaid out of the land, the money used in improving it,

may be entirely lost. The statute intended to guard against this.

MANNING, J. — The appeal in this cause, is taken by a married woman, claiming the right to do so without giving security for costs, under Statute No. 50 of the Acts of the session of 1870–72 (p. 45), approved March 9, 1871.

It provides "that when any judgment of the circuit court, or any decree of the court of chancery, has been, or may be rendered, subjecting to sale the separate estate of a married woman, or any part thereof, be the same her statutory separate estate, or a separate estate otherwise created, such married woman shall be entitled to an appeal to the supreme court to revise such decree, without giving security for the costs of such appeal," &c., " and such appeal when taken to the next term of the supreme court shall operate as a suspension and stay of all proceedings," &c. ; provided " no judgment or execution lien which may *have* attached, shall be lost," &c.

Appellee Smith, having a mortgage with power of sale, of the land and other property involved in this controversy, was proceeding to make sale of it. This mortgage was made in 1871, by the husband of appellant, Mrs. Coleman, and by herself. Previously to this, in 1868, Coleman had executed to one McQueen, as trustee, a mortgage or trust-deed of the same property to secure to Mrs. Coleman, about $3,500, the amount, or value of moneys, or property, her statutory separate estate, received from estates of her kindred, and used by her husband.

Therefore, Mrs. Coleman and her trustee filed their bill in this cause, setting up this earlier mortgage, and alleging also that her husband had invested about $1,200, of her money, in permanent improvements on the land mortgaged by both of the instruments mentioned, and they charged that the husband had received as much as about $4,500, in sums mentioned from certain estates, as the statutory separate property of his wife, and used the same.

The bill prayed an injunction to prevent the sale of the property, by appellee, Smith, and that the court would cause to be ascertained what amount was due to Mrs. Coleman, under the trust-deed in her favor, and how much was due to her for moneys employed in improving the real estate, — and would cause the property to be sold to pay the sums so ascertained to be due to her.

An answer and cross-bill were filed by Smith, the appellee, in which he charged fraud against Coleman and wife, and claimed priority of payment for the debt due to him, under

[Coleman *v.* Smith.]

the mortgage, executed by them both, of the land in controversy, in his favor.

By the decree, the chancellor ordered the land and other property to be sold, and that the proceeds be applied first to the payment of the debt of $3,500, secured by the trust-deed to Mrs. Coleman, — and secondly, to the payment of the mortgage debt to Smith, — postponing to this, the claim of Mrs. Coleman for money of hers alleged to have been used in permanent improvements upon the lands.

Smith appealed from this decree, and afterwards Mrs. Coleman also appealed. And it is the motion to dismiss the latter appeal that is now under consideration. The motion is predicated on the idea that the interest Mrs. Coleman would have in the property, by reason of the improvement of it, as alleged, with moneys belonging to her, would be her " separate estate " within the meaning of the statute above referred to.

But this is an erroneous idea. The property was her husband's. It did not become her separate estate because he used money of hers in improving. it. She might thereby, perhaps, acquire a right to charge the property with a lien for the payment back of her money, which was one of the things that she endeavored by this suit to do. She sought to have it sold as her husband's property, to pay this debt, alleged to be due from her husband to her, as well as the debt for which he had executed the trust-deed as a security. And in accordance with the prayer of her bill, the chancellor ordered the property to be sold as her husband's property, to pay his debts, but decided that the proceeds must be applied first to payment of the debt to her for which the trust-deed was made, and that the debt to Smith was to be next paid.

In no proper legal sense can this be called a decree "subjecting to sale the separate estate " of Mrs. Coleman. It does not therefore come within the statute.

And we think this statute, which is to suspend and supersede, without an indemnifying security, the execution of judgments and decrees, by which the rights of parties had been determined after judicial investigation, ought not to be strained by construction so as to reach cases not within the plain meaning of its terms.

The motion to dismiss will be granted, unless on or before the 18th day of March instant, a stipulation with a sufficient surety, shall be entered into on behalf of Mrs. Coleman, for the costs of her appeal. This stipulation may be approved by the register of the chancery court of Autauga county, and be certified by him to this court.