# Cahalan *v.* Monroe, Smaltz & Co.

*Motion to Dismiss Appeal, for want of Security for Costs.*

1. *Appeal by married woman, without security for costs.*—The statute which authorizes an appeal by a married woman, without giving security for the costs, from any judgment or decree " subjecting to sale her separate estate, or any part thereof" (Code, § 3930), does not embrace a decree dismissing a bill

[Cahalan v. Monroe, Smaltz & Co.]

filed by a married woman, by which she sought to fasten a trust on lands, the legal title to which was taken by the husband in his own name, on the ground that her funds were used in paying the purchase-money.

APPEAL from the Chancery Count of Jefferson.
Heard before the Hon. N. S. GRAHAM.
Motion to dismiss appeal, for want of security for costs.

PORTER & MARTIN, for the motion.

WATTS & SONS, *contra.*

BRICKELL, C. J.—The original and amended bills, filed by the appellant, a married woman, sought to fasten a trust on lands, which, it is averred, were by her husband, as her trustee, purchased and improved with moneys, her separate estate, but the title to which he had taken in his own name, and had conveyed them by a mortgage to secure the payment of his own debt. On final hearing, on pleadings and proof, a decree was rendered, dismissing her bills, and denying her relief. From that decree, this appeal is taken, without a bond and security superseding the decree, and without giving security for costs; the appellant having made affidavit, in writing, that she was unable to give such security.

It is attempted to support the appeal under the provisions of the act of March 9, 1871, now forming section 3930 of the Code of 1876, which authorizes a married woman to appeal from a judgment at law, or a decree in chancery, subjecting to sale her equitable, or her statutory separate estate, without giving security for costs, upon making affidavit of her inability to do so. The statute creates an exception to the general statute regulating appeals, which imposes it as a condition, upon which the right of appeal can be exercised, in all civil cases, that the appellant, if by bond and security he does not supersede the execution of the judgment or decree, shall give security for the costs of appeal.—Code of 1876, § 3950. It confers on married women a personal privilege, because of the disability of coverture. Neither the spirit of the statute, nor its purposes, nor any just rule of construction, authorizes an extension of its words to every judgment or decree which may affect the estate, equitable or statutory, of a married woman, though the remote or indirect consequences of the decree may be a sale thereof under judicial process not issuing upon it, or under a power contained in some instrument, the validity of which the decree may sustain. It is only when the decree directly orders, or directly condemns to sale her estate, that the statute confers the privilege of an appeal without security for costs. No

other decree *subjects, exposes, makes liable* to sale, her estate. The statute must not, by construction, be strained to meet cases not within the fair meaning of its terms, which are plain and unambiguous, because it may be supposed such cases are equally meritorious, and entitled to as great consideration from the legislature, as those which are embraced by its words.—*Coleman v. Smith*, 52 Ala. 250.

The motion to dismiss the appeal must be sustained, unless, within thirty days, the appellant give a sufficient securityship for costs; which may be taken and approved by the register of the Court of Chancery, and certified to this court.