.[Guy v. Lee]

# Guy *v.* Lee.

*Motion to Dismiss Appeal.*

1. *Appeal by married woman, without security for costs.*—From any judgment or decree "subjecting to sale the separate estate of a married woman, or any part thereof," she may prosecute an appeal without giving security for the costs, on making an affidavit of her inability to do so (Code, § 3930); but the statute does not apply, where a married woman institutes a statutory claim suit to try the right to property on which an execution against her husband has been levied, and the issue is found against her.

APPEAL from the Circuit Court of Colbert.
Tried before the Hon. HENRY C. SPEAKE.

The opinion states the facts.

CLOPTON, J.—With the submission of the cause, a motion was also submitted to dismiss the appeal, on the ground that no security for the costs of appeal was given.

The appeal is taken by a married woman, without giving security for the costs, on affidavit that she is unable to give such security; and is from a judgment of the Circuit Court, condemning for the satisfaction of plaintiff's judgment property to which she interposed a claim under the statute. Section 3930 of the Code provides, that whenever any judgment of the Circuit Court, or any decree of the Court of Chancery, may be rendered, subjecting to sale the separate estate of a married woman, she shall be entitled to an appeal, without giving security for the costs, on making affidavit that she is unable to give such security.

The general rule requires security for costs. The exceptional privilege in favor of married women, because of disability of coverture, is restricted, by the terms of the statute, to judgments and decrees which order or condemn to sale property as *her separate estate.* The judgment, from which the appeal is taken, did not condemn the property to sale as the separate estate of appellant; but, on the contrary, the jury, by their verdict, found that it was not her separate estate, and the court condemned it to the satisfaction of plaintiff's judgment, as the property of the defendant in execution. In such cases, the general rule applies, and security for costs must be given. *Cahalan v. Monroe,* 65 Ala. 254.

VOL. LXXX.

[Knox et al. v. Nall et al.]

The motion to dismiss must be granted, unless, within thirty days, the appellant gives security for the costs of the appeal, which may be taken and approved by the clerk of the Circuit Court and certified to this court.