[Schwarz, Rosenbaum & Co. *et al.* v. Bärley *et al.*]

# Schwarz, Rosenbaum & Co. *et al. v.* Barley *et al.*

*Bill in Equity to set aside Fraudulent Conveyances.*

1. *Appeal; when taken from decree dismissing bill.*—Where a cause in a chancery court is submitted for a decree upon a motion to dismiss for the want of equity, and upon demurrers, and the chancellor renders a decree sustaining the motion to dismiss the bill for the want of equity, and orders that the bill be dismissed out of court, such decree is a final decree, from which an appeal may be prosecuted any time within a year from its rendition.

2. *Fraudulent conveyances; sale of property by partnership.* Where upon the dissolution of a partnership, it is stipulated in the agreement providing therefor that one of the parties should take the partnership property and pay the partnership debts, and after delivery of the partnership property to him, said partner, so assuming the debt, makes a fraudulent sale of said property, such property, in the hands of the fraudulent vendee, is liable to the payment of the partnership debts, and can be subjected thereto by creditors of the partnership.

APPEAL from the Chancery Court of Marengo.

Tried before the Hon. THOMAS H. SMITH.

The bill in this case was filed by the appellants as creditors of the firm of Barley and Matkins, against the appellees, Eugene A. Barley and Lamar Matkins and Maggie Walston.

It was averred in the bill that the complainants were creditors of the firm of Barley and Matkins, which firm was composed of the defendants, Eugene A. Barley and Lamar Matkins; that subsequent to the complainants becoming creditors of said firm, there was a dissolution of the firm by mutual agreement between the parties, in which agreement it was agreed and understood between them that the said Lamar Matkins should assume and pay all indebtedness of said partnership; that Barley should retire from the firm, and that by virtue of said

agreement of dissolution, the partnership debt should be assumed and paid by said Matkins; that a short time after said dissolution, the defendant, Matkins, in disregard of said agreement, and with the intent to hinder, delay and defraud the creditors of said firm, did execute to Mrs. Maggie Walston a bill of sale of all of the stock of goods, wares, merchandise, etc., which formerly belonged to said firm; said property amounting to $895.79; that the consideration of said transfer was an alleged indebtedness which the said Matkins claimed to owe Mrs. Walston. It was then averred that said consideration as expressed in the bill of sale was simulated and fraudulent, and that said sale was fraudulent and void, and was made for the purpose of hindering delaying and defrauding the creditors of said partnership; and that as a term of said sale, the said Matkins reserved a benefit in that he was to take charge of and sell said goods, and retain a part of the purchase money thereof for his service.

It was further averred in the bill that since said sale to Mrs. Walston, she and the plaintiff, Matkins, had disposed of all or nearly all of the said goods. The prayer of the bill was that said sale from Matkins to Mrs. Walston be declared fraudulent, null and void, and that a personal judgment be rendered against Mrs. Walston for the amount of the property which had been sold and conveyed by her, and that the balance of the goods remaining unsold be subject to the payment of complainants' debt. The defendants moved to dismiss the bill for the want of equity, and upon the ground stated in varying averments that the property conveyed by Matkins to Mrs. Walston was the separate property of Matkins, and as it was shown not to exceed in value $1,000, the complainants could not complain of said sale, because the said Matkins was entitled to claim the same as exempt to him.

The defendants also demurred to the bill upon the same ground. On the submission of the cause upon the motions to dismiss and the demurrers, the Chancellor rendered the following decree:

"Now, on consideration thereof, I am of opinion that both the motion and demurrers should be sustained. It is therefore ordered, adjudged and decreed that said demurrers be and they hereby are sustained. It is further ordered, adjudged and decreed that the motion to dismiss the bill of complaint for want of equity, be and the same hereby is sustained, and the bill of complaint dismissed out of this court." This decree was rendered on June 16th, 1902. On July 21st, 1902, an appeal was taken and security for costs given. In this court the complainants assign as error the rendition of said decree, sustaining the demurrers, and the motion to dismiss.

J. M. MILLER, for appellant.—The bill contained equity and should not have been dismissed.—*Aiken v. Steiner & Lobman*, 98 Ala. 355. The bill should not be dismissed for want of equity when it can be amended so as to give it equity, and this bill could be amended by asserting the insolvency of the parties so as to bring it within the case of the 98 Alabama above referred to. *Aiken v. Steiner & Lobman*, 98 Ala. 355; *Kyle v. Mary Lee Coal & Railway Co. et al.*, 112 Ala. 606; 3rd Mayfield Digest 333. The bill should not have been dismissed in vacation without giving the appellants a chance to amend.—*Blackwell et als. v. Fitzgerald*, 130 Ala. 584.

CANTERBURY & GILDER, *contra.*—The appeal was not taken within 30 days as is required by law.—*Kitchen v. Moye*, 17 Ala. 143; *Allen v. Elliott*, 67 Ala. 432; *Ex parte James*, 125 Ala. 119; *Anniston Electric & Gas Co. v. Cooper*, 34 So. R. 931. The bill shows that the partnership property was in good faith conveyed into separate property. This was done in this case. The creditors cannot complain of the sale of Matkins to Walston, unless they had an equitable lien which they could enforce. The agreement was not in writing, and this suit is not by *Barley v. Matkin,* but creditors against him. There is no such trust created. that will avail to the benefit of the creditors.—*Reese & Hylan v. Bradford, et al*, 13 Ala. 837; *Evan v. Winston*, 74 Ala. 349;

*Aiken v. Steiner & Lobman,* 98 Ala. 355. The partnership property having been converted into separate property, the defendant Matkin may claim his exemptions.—*Aiken v. Steiner & Lobman,* 98 Ala. 355; *Brinson v. Edwards,* 94 Ala. 447.

McCLELLAN, C. J.—The right of appeal exercised in this case is that given by section 426 of the Code, and not that given by section 427. The decree dismissing the bill was no less a final decree for that it was rendered on and in response to a motion to dismiss it for the want of equity. There has been a practice in this state to grant motions to dismiss *with leave to amend.* Such decrees while they granted the motion to dismiss in a way, yet did not in reality dismiss the bill finally. They were in the nature of tentative or conditional decrees and not final. To such decrees must be referred the provision of section 427 to the effect that from a decree sustaining a motion to dismiss a bill for want of equity an appeal may be taken within thirty days. That limitation loes not apply where the motion is not only sustained but the bill is actually and absolutely dismissed out of court. The decree here is of this latter class, and was appealable any time within a year from its rendition.

We take occasion to repeat here what we have said in some recent cases that the practice referred to of thus conditionally dismissing bills on motion, and in recognition of which the provision of § 427 stated above was enacted, was a bad practice, and illogical, and should not be further resorted to.

On the allegations of the bill the complainants had no claim on the stock of goods growing out of the facts that originally it had been the property of the partnership composed of Barley & Matkin and that this firm owed the debts which complainants seek to recover by subjecting these goods or their proceeds, for, by a *bona fide* and valid agreement by which the partnership had been settled and dissolved, the stock of goods became the individual property of Matkin. But the complain-

ants were creditors of Matkin individually as well as of the firm of Barley & Matkin, and they had the same rights in respect of this stock of goods in Matkin's hands as if it had all along been his individual property, and he alone owed these debts.   Unless this property was exempt to Matkin, these complainants had a right to pursue it by this bill into the hands of a fraudulent purchaser and subject it or its proceeds to the payment of their claims. The allegations of the bill show that Matkin made a transfer of the goods to Mrs. Walston with intent to hinder or delay or defraud his creditors, that she participated in this intent, that the consideration paid by her was simulated or inadequate, that Matkin reserved a benefit to himself in the transaction, to wit, employment in the sale of the goods and a share of their proceeds, and that the goods have been disposed of by Mrs. Walston and she and Matkin now have the proceeds, etc.   Of course, if this stock of goods was all the property owned by Matkin and its value, as the bill alleges, was less than one thousand dollars, the complainants were not hindered or delayed or defrauded by this transaction since they could not have subjected the goods had they remained in the hands of their debtor, being secured to him by the exemption statute.   But the bill does not show that this was all the property Matkin owned, or, even that he was insolvent:  So it cannot be said that bill shows complainants have not been injured by this alleged fraudulent transaction.   For aught that appears Matkin may have had other property, which with this, amounted to twice the exemption allowed him, and he may claim that other property and not this as exempt, indeed he may have already filed his claim of exemption embracing such other property and not this. Hence our conclusion that this bill has equity to reach this property or its proceeds as Matkin's individual property to the debts which he owes individually to the complainants, and that of consequence the motion to dismiss should have been denied.

The assignments of demurrer also proceed upon the assumption that the bill shows that this stock of goods

was exempt property. As it does not, the demurrer should also have been overruled.

The decree below must be reversed and a decree will be here entered overruling the demurrer and the motion to dismiss the bill.

Reversed and rendered.

TYSON, SIMPSON and ANDERSON, J.J., concurring.

