[Ex Parte Cudd.]

# Ex Parte Cudd.

## Mandamus.

(Decided January 13, 1916.  70 South. 721.)

1. **Appeal and Error; Stay of Proceedings; Supersedeas.**—Under §§ 2873-4-5, Code 1907, an appeal from a decree cancelling a mortgage and taxing the costs of the suit against the mortgagee, but requiring the performance of no other act by the mortgagee, operated as a stay of execution for costs, without supersedeas bond, since such a decree was not a dcree for the payment of money under § 2873, and did not fall within the operations of the other sections mentioned; at common law an appeal operated as a stay of further proceedings.

2. **Costs; Nature and Ground.**—Costs are a mere incident of a suit, and do not arise from any inherent power in the court to award them, but are granted only by virtue of express statutory authority.

ORIGINAL petition in Supreme Court.

J. J. Cudd petitions for mandamus to compel the stay of execution for costs pending an appeal from a decree cancelling a mortgage.  Writ granted.

E. W. GODBEY, for appellant.  Chancellor JAMES E. HORTON, JR., pro se.

GARDNER, J.— (1) The petition in this case shows that one V. A. Reynolds filed a case against J. J. Cudd (the petitioner here) and L. R. Reynolds, the husband of the complainant, seeking the cancellation of a certain mortgage executed by complainant and her husband to said Cudd. The complainant was successful, and decree was rendered canceling the mortgage; res-

[Ex Parte Cudd.]

pondent Cudd being taxed with the costs of the suit. The decree required the performance of no act of the respondent. Execution for costs was issued under said decree against Cudd, who perfected his appeal to this court by giving proper security for costs, duly approved, and which said appeal is pending and undetermined and at the time of the prosecution of this petition had not been submitted. Respondent Cudd petitioned the chancery court, wherein the decree was rendered, in term time, to supersede the execution of costs pending appeal, a copy of which petition is made an exhibit here, and the facts of which were not disputed. The chancellor entered an order denying the petition and directing that execution be issued for the costs, which execution is now in the hands of the sheriff. Said Cudd now petitions this court for a writ of mandamus, or other appropriate writ, for the setting aside of the order denying the petition and refusing an order to grant same, or such further order as may be necessary to obtain a stay of proceedings until the final decision of said cause in this court. The facts alleged in the petition are not denied in the answer of the chancellor filed thereto, but he justifies his ruling upon his conception of the law that he has no right to stay the execution of costs because petitioner has failed to execute a supersedeas bond as required by law.

The sole question for determination here, therefore, is whether or not a supersedeas bond is required to stay an execution for costs when the decree rendered requires the performance of no act by the respondent; nor provides for the recovery of any property to the complainant; or of any judgment for money; or other such decree as mentioned in sections 2873-2875 of the Code of 1907. That, as a general proposition, the appeal in this cause removed the case wholly and absolutely into this court, so far as the equities of same were involved, was fully recognized in *Ex parte Hood,* 107 Ala. 520, 18 South. 176.

"At common law a writ of error operated, by its own inherent force, as a supersedeas of all proceedings on the judgment in the court below from the time it was sued out and notice of it was served on the adverse party. But, as writs of error came to be sued out for the purpose of delay, various acts of Parliament were passed requiring security in certain cases in order that the writ might operate as a supersedeas. * * * Formerly, in England, an appeal to the House of Lords had per

[Ex Parte Cudd.]

se the effect to stay proceedings in chancery pending the appeal."—3 Cor. Jur. p. 1272.

To the same effect is the language of this court in *Montgomery Gaslight Co. v. Merrick*, 61 Ala. 534, where it is said: "At common law, a writ of error (and an appeal under the statute is a substitute for the common-law writ of error) was a supersedeas of execution from the time of its allowance. The court issuing it would, if it was not apparent the writ was sued out merely for delay, stay any proceeding on the judgment, during its pendency."

And in *Northern v. Hanners*, 121 Ala. 587, 25 South. 817, 77 Am. St. Rep. 74, is the following: "At common law costs were not recoverable and were not adjudged in the judgment in the case.—*Stewart v. Hood*, 10 Ala. 600, and *City Council of Montgomery v. Foster*, 54 Ala. 63. * * * * It was not until the enactment of the statute of Gloucester that costs, eo nomine, were recoverable by the plaintiff in real actions, and under that statute the practice of the courts was to award costs of the 'writ purchased' in addition to the damages recovered against the defendant. By statutes the plaintiff's right to recover all costs was extended to all cases in which he was successful. But no costs were allowed the defendant·in any action when he was successful until the statute of 23 Henry VIII, which was amended from time to time, until he was equitably given the same right as the plaintiff to recover the same costs as the plaintiff would have had if he had recovered. In all cases the costs were taxed by the proper officer of the court.—2 Cooley's Blackstone, bk. 3, p. 399. Courts have, now, no inherent power to award costs, which can be only granted in any cause or proceeding by virtue of express statutory authority."

See, also, 7 R. C. L. 781.

It was held in *Northern v. Hanners, supra,* that, as cost is a mere incident to the suit, the judgment therefore partakes of the nature and character of the suit.

It thus appears from the above-cited authorities that at common law an appeal operated as a stay of further proceedings in the cause, and our statutory system, as disclosed by the sections of the Code above noted, was for the purpose of changing this rule and to require the execution of proper bonds if the appealing party desired to supersede the judgment or decree of the character described in the statute.

[Board of Revenue of Jefferson County, et al. v. Huey, et al.]

The decree rendered in the above styled cause was not of such a character as was required to be superseded. It merely canceled the mortgage and taxed the respondent Cudd with the costs, and therefore is not embraced within section 2874, 2875, of the Code, nor would it come within section 2873, as a decree for the payment of money. The mere taxation of the cost would not be such a decree for the payment of money within the meaning of said section.—23 Cyc. 789; 11 Cyc. Pl. & Pr. 936.