(95 South. 26)

PETERS v. CHAS. SCHUESSLER & SONS.
(5 Div. 840.)

(Supreme Court of Alabama. Jan. 4, 1923.)

1. Appeal and error ⬅️374(1)—Decree striking substituted bill of married woman is not appealable without security.

Act Sept. 22, 1915 (Laws 1915, p. 715), exempting married women from giving security on appeal from any judgment, order, or decree subjecting to sale or condemnation any property or for the payment of money, or requiring the doing of any act by any married woman, does not permit an appeal by a married woman without security from a decree striking from the record, in a suit to quiet title, her substituted bill as amended, on the ground that it was unintelligible and requiring her to pay the costs of the motion.

2. Appeal and error ⬅️78(3)—Decree striking substituted bill as amended at complainant's cost is appealable; "final decree."

A decree, rendered after demurrer had been repeatedly sustained to the several original and amended bills, striking from the record complainant's substituted bill as amended on the ground that the court could not understand it

and requiring the complainant to pay the costs of the motion, was a "final decree" from which an appeal could be prosecuted within the time prescribed by Acts 1915, p. 711; Code 1907, § 2837.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Final Decree or Judgment.]

### 3. Appeal and error ⬤�net351(2)—Filing of security is essential to taking of appeal.

An appeal is taken only by complying with the provisions of the statutes, one of which is the filing with the proper officer of sufficient security for the costs.

Appeal from Circuit Court, Tallapoosa County; Lum Duke, Judge.

Bill by Ella Peters against Chas. Schuessler & Sons. From the decree striking the substituted bill from the files, complainant appeals. Appeal dismissed.

The decree appealed from is as follows:

"This cause coming on to be heard at the last term of this court was submitted on the motion of the respondents to strike from the file complainant's substituted bill as amended by amendment refiled on February 1, 1921, and held by the court for a careful and mature consideration in vacation.

"Upon consideration thereof, the court is unable to unravel the bill in its present form, and is of the opinion that said motion is well taken and should be sustained.

"It is therefore ordered, adjudged, and decreed by the court that said motion be and the same is hereby sustained, and said bill as so amended is hereby stricken from the file.

"It is further ordered that complainant pay the costs incident to said motion for which execution may issue.

"In term time this January 14, 1922."

With her prayer for appeal, complainant filed the following affidavit:

"Personally appeared before me, O. C. Thomas, a notary public in and for Tallapoosa county, Ala., Ella Peters, who is known to me, and who being by me duly sworn, deposes and says on her oath, that she is the complainant in and to the above-entitled cause, and is a married woman sui juris, and that Chas. Schuessler & Sons aforesaid are the respondents therein and thereto, and that on January 14, 1922, in term time, the circuit court in equity at Dadeville, Ala., rendered a decree against her, in favor of the said respondents, on their motion therefor striking her substituted bill as amended by amendment from the file, refiled February 1, 1921, against the said respondents to set aside the decree for the sale of her land described therein, in a mortgage foreclosure suit of the respondents against her, thus adjudging decreeing and ordering her said land to and for the said respondents, and in addition thereto, decreed that the cost incident thereto be paid by her for which execution might issue, and that she desires to appeal from the said decree to the Supreme Court of Alabama, for a review thereof thereby, but that she is unable to give security for the cost therefor.

        "Ella Peters, Complainant.

"Sworn to and subscribed before me on this the 5th day of July, 1922.

        "O. C. Thomas, Notary Public."

"Filed July 6, 1922."

W. R. Whatley, of Alexander City, for appellant.

A final decree is one which fully disposes of the whole cause, leaving no further question for future consideration. The decree appealed from was final. 142 Ala. 333, 37 South. 829; 40 Fla. 297, 24 South. 160; 82 Me. 203, 19 Atl. 166; 104 Va. 480, 51 S. E. 833; 54 W. Va. 608, 46 S. E. 603, 102 Am. St. Rep. 959; 54 Ala. 50; 65 Ala. 549; 70 Ala. 567; 74 Ala. 50. The decree appealed from required performance of an act by appellant in the payment of the costs, and appellant was entitled to appeal without giving security for costs. Acts 1915, p. 715.

N. D. Denson & Sons, of Opelika, for appellee.

If the decree of January 14, 1922, is an appealable decree, it is an interlocutory decree, and appeal therefrom should have been taken within 30 days from its rendition. Code 1907, § 2838; Acts 1915, p. 137; 193 Ala. 273, 69 South. 136; 205 Ala. 277, 87 South. 845; 206 Ala. 330, 89 South. 473. The decree appealed from makes none of the requirements specified in Acts 1915, p. 715, and the appeal could not be prosecuted without security for costs.

THOMAS, J. Appellees move the court to dismiss the appeal for that (1) no security for costs of the appeal has been given by appellant; that (2) the decree appealed from is not such as is defined by the act of September 22, 1915, from which appeal may be taken by a married woman without giving security for costs of the appeal; (3) that no security for costs or supersedeas bond has been given; and (4) the appeal was not taken within the time required by law.

[1] The provisions of the act of September 22, 1915, exempting married women from giving such security, are: (1) from any judgment, order, or decree of any court of record subjecting to sale or condemnation any property of or for the payment of money, (2) or the doing or performing any act by any married woman. Acts 1915, p. 715. It is apparent the instant decree sought to be appealed from makes neither of the requirements of a married woman specified by the statute. The several applications of the statute (Acts 1915, p. 715, No. 650) are: Pollard v. Jackson, 204 Ala. 31, 85 South. 431, where the decree was that of confirmation of the sale of land; Kimball v. Cunningham Hardware Co., 201 Ala. 409, 78 South. 787, where the party seek-

ing to appeal was held not to be a married woman that was entitled to exemptions (premiums paid for insurance on life of husband) from liability from the debts of the husband under section 4502 of the Code, and was not a "married woman" within the purview of section 2879 of the Code amended by Acts of 1915, p. 715; and Cole v. Law, 200 Ala. 697, 76 South. 995. Referring to the original record in Cole v. Law, supra, it is shown that the register in chancery had certified the appeal in Mary Cole et al. v. Malinda Law et al., from a final decree in favor of respondents, and in which there was also a decree of denial of a motion for rehearing. Motion was made in this court to dismiss the appeal for the failure to perfect the same as required by statute, and it was agreed by the respective counsel that the "motion correctly states the facts in regard to the nature of the proceeding in the court below, and in regard to the steps taken to perfect appeal taken to the Supreme Court." The facts admitted to be true, and given statement in the motion, are:

"That appellants and others were complainants in a bill in the chancery court * * * against Malinda R. Law and others * * * to quiet the title to 120 acres of land, and to cancel certain deeds thereto. The issues involved in the cause were as to whether or not two certain deeds were invalid, void or voidable on account of mental incapacity of the grantor therein, Nathan Cole, now dead, and also as to whether or not such deed should be set aside on account of fraud alleged to have been perpetrated on said grantor by or for the person under whom appellees claim title. The decree of the chancellor denied relief prayed by the complainants, and dismissed their bill of complaint, and taxed the costs of the cause against the complainants." That "Mary Cole, widow of Nathan Cole, and Elizabeth Walker, daughter of Nathan Cole, who is a married woman, filed in proper form their affidavits of appeal under section 2879 of the Code as amended by General Acts of 1915, p. 715, setting up in their affidavits that one of them is a widow and the other is a married woman, and each of them setting up further that she is unable to give security for costs of appeal and that as provided by said sections of the Code she is entitled to take and perfect and prosecute her appeal as provided by said section of the Code as amended," and upon such facts moved the court "to dismiss the appeal so taken or purporting to have been taken, etc."

The judgment on the motion was that "unless the appellants give security for costs within 60 days from May 10, 1917, the appeal be dismissed"; that "the court is of the opinion that Acts 1915, p. 715, amending section 2879, Code 1907, does not apply to this appeal." The time for appeal had not elapsed.

[2] The instant decree was of date of January 14, 1922, and the prayer for or attempt-

ed perfection of the appeal was of date of July 6, 1921. Demurrer had been repeatedly sustained to the bill and amendment sought on terms. After last demurrer to the bill as amended, it was sustained, further time given for amendment upon payments of costs, bill as amended refiled, and there was a motion to strike the "substituted bill as amended," and the motion was granted and complainant ordered to pay the costs incident to the motion. There was a petition for setting aside this decree or to open the decree, and the motion of respondent to strike from the file the bill as amended was sustained and the bill was stricken from the file, and complainant ordered "to pay the costs incident to said motion for which execution may issue." This was a final decree from which an appeal may have been prosecuted within the time prescribed by statute. Acts 1915, p. 711; section 2837, Code; Pepper v. Horn, 197 Ala. 395, 73 South. 46; State ex rel. Wright v. Kemp, 205 Ala. 201, 87 South. 836; Schwarz, Rosenbaum & Co. v. Barley, 142 Ala. 439, 38 South. 119.

[3] An appeal is taken only within the provisions of the statute, one of which was the filing with the proper officer sufficient security for the costs of the appeal. Jacobs v. Goodwater Graphite Co., 205 Ala. 112, 87 South. 363; Kimbrell v. Rogers, 90 Ala. 339, 343, 7 South. 241. This was not done and the time has elapsed.

For the failure to perfect the appeal by giving the required security for costs and as required by statute (Acts 1915, p. 711), appellees' motion is granted, and the appeal is dismissed.

Appeal dismissed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur