(105 So. 170)
**Ex parte BROWN.   (7 Div. 534.)**

(Supreme Court of Alabama.   Jan. 28, 1925.)

Appeal and error ⬤══374(1)—Appeal by married woman, without giving appeal bond, extends to all general personal judgments for recovery of money, including judgment for assault and battery.

Acts 1915, p. 715 (Code 1923, § 6138), providing that, from any judgment or decree subjecting to sale any property of, or for the payment of money or the doing or performance of any act by, any married woman, she is entitled to an appeal to the Supreme Court or Court of Appeals to revise such judgment without giving security for the cost of the appeal, exempts married women from giving appeal bonds in all general personal judgments for the recovery of money, including money judgment for assault and battery.

Petition of Victoria Brown for certiorari to the Court of Appeals, to review and re-

vise the judgment and decision of that court in the Case of Brown v. Brown, 105 So. 169. Writ granted.

See, also, post, p. 339, 105 So. 171.

Culli, Hunt & Culli, of Gadsden, for petitioner.

The petitioner was entitled to appeal without giving bond. Code 1923, § 6138. Ex parte Johns, 209 Ala. 638, 96 So. 888, is dictum.

Dortch, Allen & Dortch, of Gadsden, opposed.

Brief of counsel did not reach the Reporter.

SOMERVILLE, J. In an action by Isaac Brown against Victoria Brown, a married woman, for an assault and battery, the plaintiff recovered a judgment for damages in the sum of $750.

The defendant filed her appeal to the Court of Appeals without giving a supersedeas bond, having made the required affidavit that she is unable to give such security.

On motion of the plaintiff, the Court of Appeals, following a dictum in the case of Ex parte Johns, 209 Ala. 638, 96 So. 888, dismissed the appeal for want of a bond.

In Ex parte Johns, supra, the appeal was from an order denying a motion for the enforcement of a decree determining her rights under a trust agreement to which she and her husband (then deceased) were parties. The case very clearly did not fall within any of the provisions of the statute (Acts 1915, p. 715, amending section 2879, of the Code of 1907, now section 6138, Code of 1923) exempting married women from the giving of bonds on appeal, and the attempted appeal was properly held as abortive. But in the opinion it was said, obiter dictum, that the amended statute is no broader than the original, and that the exemption granted is applicable only to judgments condemning or subjecting specific property or money of a married woman, or requiring her to do or perform some act.

Such indeed was the scope of the original statute, enacted at a time when personal judgments, imposing general personal liability, could not be rendered against married women, as pointed out by Brickell, C. J., in Ex parte Tower Mfg. Co., 103 Ala. 415, 15 So. 836, citing Ravisies v. Stoddart, 32 Ala. 599, and Cahalan v. Monroe, 65 Ala. 254.

Prior to the amendatory act of 1915, the statute contained no exemptive provision covering judgments or decrees for the payment of money, although the old immunity of married women against purely personal judgments had long since disappeared, and the occasions for invoking such an exemption were of common occurrence. In Ex parte Tower Mfg. Co., supra, the exemption was denied in the case of a personal judgment for the payment of money solely because the exempting statute (then section 3629, Code 1886) contained no language which could be fairly construed as applicable to such a judgment.

The amended statute (Code 1923, § 6138) now reads:

"From any judgment, order or decree of any court of record, subjecting to sale any property of, or for the payment of money or the doing or performing any act by any married woman, she is entitled to an appeal to the supreme court or court of appeals to revise such judgment, order, or decree, without giving security for the costs of appeal; on making affidavit that she is unable to give security; and such appeal shall operate as a suspension and stay of any proceedings under such judgment, order, or decree until such appeal shall be determined by the supreme court or court of appeals."

The sole purpose of the amendment was to add to the judgments or decrees, as to which the exemption was granted, another class— those "for the payment of money"—not previously included in the statute. We see no escape from that conclusion, and the only question is, What judgments and decrees are "for the payment of money"? We are satisfied that, whether in the broad field of common understanding, or in the more limited field of legal terminology, any judgment or decree imposing upon the defendant a general personal obligation to pay a sum of money, though collectible only out of his general estate, is a judgment or decree "for the payment of money," within the meaning and intention of the present statute. Certainly the words have that meaning in the general supersedeas statutes (sections 6132 and 6133, Code 1923), which respectively begin: "When the judgment or decree is for the payment of money only;" and "If the decree or judgment be for the payment of money, and also for the performance of some other act or duty," etc. The phraseology is identical, and the same phrases should mean, and evidently were intended to mean, the same thing in each of the statutes which are closely associated, and relate to the same subject.

The suggestion is that, had the Legislature "intended to exempt married women generally from giving security for the costs of appeal, nothing would have been easier than to have said that in all judgments or decrees against married women, they should have the right to appeal without security for costs." That is true enough, but the vice of the suggestion is that the Legislature did not intend any such sweeping exemption, but only to extend the exemption to another class of judgments—the usual and ordinary sort—as to which the exemption is of far greater practical value, and at least as wholesome in policy. To accomplish this limited purpose, we do not see how language could have been

more aptly and fitly chosen than by the phrase in question.

Upon the foregoing considerations, we are constrained to disapprove the dictum in Ex parte Johns, 209 Ala. 638, 96 So. 888, and to hold that the statute as amended (now section 6138, Code 1923) 'exempts married women from giving appeal bonds in all general personal judgments for the recovery of money.

It results that the 'motion to dismiss the appeal in this case was erroneously granted, and the judgment of dismissal · will be reversed, and the cause remanded to the Court of Appeals for further proceedings.

Writ granted.

All the Justices concur.