(112 So. 137)

### SCOTT v. SHEPHERD, Clerk of Circuit Court. (7 Div. 671.)

(Supreme Court of Alabama. Jan. 13, 1927. Rehearing Denied April 14, 1927.)

Appeal and error ⟨key⟩374(1)—Appeal by married woman without bond held not to extend to judgment in ejectment; "decree for payment of money" (Acts 1915, p. 715, amending Acts 1886–87, p. 80; Code 1907, § 2879; Code 1923, §§ 6132, 6133, 6138).

Appeal by married woman without appeal bond, under Acts 1915, p. 715, amending Acts 1886–87, p. 80, held not, in view of Code 1907, § 2879 (Code 1923, §§ 6132, 6133, 6138), to authorize appeal from judgment in ejectment without bond; such judgment not being a "decree for payment of money."

Appeal from Circuit Court, Calhoun County; R. B. Carr, Judge.

Petition of Ida Scott for mandamus to A. H. Shepherd, as Clerk of the Circuit Court of Calhoun County. From a judgment denying the writ, petitioner appeals. Affirmed.

Rutherford Lapsley and Longshore & Longshore, all of Anniston, for appellant.

The judgment in ejectment, or decree in any action relating to lands, requiring that the defendant deliver possession, is a decree for the performance of an act by the defendant, within the terms of the statute, from which a married woman is entitled to appeal without security for costs, upon making the statutory affidavit. Code 1923, §§ 6138, 7452; Ex parte Barkley, 210 Ala. 466, 98 So. 463; Barclay v. Shook, 213 Ala. 699, 104 So. 916.

S. W. Tate, of Anniston, for appellee.

The judgment appealed from is not within the statute (Code § 6138). Ex parte Brown, 213 Ala. 7, 105 So. 170; Ex parte Tower Mfg. Co., 103 Ala. 415, 15 So. 836; Ex parte Johns, 209 Ala. 638, 96 So. 888.

SAYRE, J. This is an appeal from the judgment of the circuit court denying appellant's petition for a writ of mandamus com-

manding appellee, the clerk of the court, to certify appellant's appeal to this court from a judgment against her in an action of ejectment; appellant having made affidavit that she was "unable to give security required by law for appeal and supersedeas as (of?) such judgment upon appeal." Appellee's demurrer to appellant's petition setting forth the facts was sustained, and, appellant declining to plead further, her petition was dismissed.

The judgment which appellant would bring into review without making bond was rendered at the end of a statutory action of ejectment. Prior to the Act of September 22, 1915 (Laws 1915, p. 715), amending Acts 1886–87, p. 80, the statute giving to married women the right of appeal without giving security for costs upon making affidavit that she was unable to give such security (Code of 1907, § 2879, and similar sections in previous Codes) was limited to cases of judgments or decrees subjecting their separate estates to sale. It would follow, from the decisions in Cahalan v. Monroe, 65 Ala. 254, Ex parte Tower Manufacturing Co., 103 Ala. 415, 15 So. 836, and Ex parte Johns, 209 Ala. 638, 96 So. 88, that, apart from the amendment made by the Act of 1915, supra, petitioner would not be exempt from the general rule requiring security for the costs of appeal. The last-mentioned act extended the privilege to judgments, orders, or decrees "for the payment of money or the doing or performing any act by any married woman." The opinions in Ex parte Barkley, 210 Ala. 466, 98 So. 463, and Barclay v. Shook, 213 Ala. 699, 104 So. 916, rendered since the Act of 1915, contain observations which would indicate the notion that a married woman against whom a judgment in ejectment is rendered is entitled to the privilege of the statute by reason of that clause of it which extends its benefit to any judgment or decree requiring "the doing or performing any act of any married woman"; but such observations were not strictly in point, and, apart from them, those cases were correctly decided. Nor did Ex parte Brown, 213 Ala. 7, 105 So. 170, involve an appeal from a judgment for the recovery of property, real or personal, or the possession thereof; but the opinion in that case, taking a better view of section 6138 of the present Code and its correlated sections 6132 and 6133, more correctly construed section 6138 in a way that would exclude petitioner in this cause from participation in its privilege. It is clear enough that in section 6133 judgments and decrees "for the performance of some other act or duty" are not considered to be the same as judgments and decrees "for the recovery of property, real or personal, or the possession thereof," and so the omission of judgments and decrees "for the recovery of property" from section 6138, providing for a different rule in exceptional cases, becomes significant. Hence the court said that "the sole purpose of the amendment"—the amendment effected by the Act of 1915—"was to add to the judgments or decrees, as to which the exemption was granted, another class, those 'for the payment of money,' not previously included in the statute." This interpretation was followed by the trial court in this case, and it follows that the writ was properly denied.

Judgment affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.