### LEA v. PHILLIPS et ux. (7 Div. 690.)

Supreme Court of Alabama. April 7, 1927.

Appeal and error ⬛374(1)—Decree denying married women cancellation of mortgage held not decree from which appeal could be taken without giving security for costs (Code 1923, § 6138).

Married woman could not appeal from decree denying her relief on bill to have mortgage set aside without giving security for costs, case not coming within provisions of Code 1923, § 6138, permitting appeal by married woman, without giving security for costs, from order subjecting her property to sale.

Appeal from Circuit Court, De Kalb County; W. W. Haralson, Judge.

Bill in equity by Isabella Lea against J. B. Phillips and wife. From a decree denying relief, complainant appeals. Appeal dismissed.

C. A. Wolfes, of Ft. Payne, for appellant.

The decree, holding that complainant is not entitled to cancellation of mortgage and deed on her separate estate to secure the debt of her husband, requires the doing of an act by a married woman, that she remain surety for her husband and permit her property to be subjected to payment of such obligation, and is such a decree as may be appealed from by her under the provisions of Code, § 6138. Pollard v. Jackson, 204 Ala. 31, 85 So. 431; Smith v. Rothschild, 212 Ala. 276, 102 So. 206; Evans v. Faircloth, 165 Ala. 178, 51 So. 785, 21 Ann. Cas. 1164; Trotter Bros. v. Downs, 200 Ala. 158, 75 So. 906; Lansden v. Bone, 90 Ala. 446, 8 So. 65.

Baker & Baker, of Ft. Payne, for appellees.

Appellant having failed to give surety for costs, the appeal must be dismissed.

PER CURIAM. The appeal is by a married woman to review a decree denying relief on her bill seeking to set aside and annul a mortgage executed by her. The case does not fall within the purview of the statute (section 6138 of the Code), which provides that a married woman may, without giving security for costs, appeal from any judgment, order, or decree of any court of record subjecting any of her property to sale, etc., nor within any other provisions of that section. The court is, therefore, of opinion that appellee's motion to dismiss the appeal must be granted. Ex parte Johns, 209 Ala. 638, 96 So. 888.

Appeal dismissed.

ANDERSON, C. J., and SAYRE, GARDNER, and BOULDIN, JJ., concur.