(128 So. 219)

## HILDEBRAND v. FIRST NAT. BANK OF FAIRFIELD.

6 Div. 345.

Supreme Court of Alabama.

April 10, 1930.

Rehearing Denied May 15, 1930.

G. P. Benton, of Fairfield, for appellant.

Lange, Simpson & Brantly and W. P. Rutledge, all of Birmingham, and Huey, Welch & Stone, of Bessemer, for appellee.

FOSTER, J.

Appellant sued appellee in the circuit court for the recovery of personal property. A judgment was rendered on verdict for defendant, and appellant was taxed with the costs of the cause. She, a married woman, thereupon has undertaken to appeal upon executing an affidavit as provided in section 6138, without security for costs.

Appellee has moved this court to dismiss the appeal because the judgment is not such as by that statute she may appeal without giving security for costs.

Since this statute has been enacted in its present form, the purpose and effect of the last amendment October, 1915 (Acts 1915, p. 715), have been considered by this court in several cases, to some of which we will refer. Particularly is that true with respect to the words then added, "or for the payment of money." In construing the meaning of those words so added, it was pointed out in Ex parte Brown, 213 Ala. 7, 105 So. 170, that this phraseology is the same as that in sections 6132 and 6133, pertaining to the conditions under which a supersedeas may be effected on an appeal, and that they were "evidently intended to mean the same thing in each of the statutes which are closely associated and relate to the same subject." With that idea in mind we call attention to the cases in which this court has distinctly held that a judgment for costs is not one "for the payment of money" as used in sections 6132 and 6133. Ex parte Cudd, 195 Ala. 80, 83, 70 So. 721; Caldwell v. U. S. Fid. & Guar. Co., 205 Ala. 463, 466, 88 So. 574; Kinney v. White, 215 Ala. 247, 250, 110 So. 394.

It has been held that, where the judgment in a suit for the recovery of land went against a married woman, she was not entitled to the right of appeal under section 6138 without security for costs, though it is doubtless true that there was a judgment for costs against her. It does not appear to have been claimed that the judgment for costs was one for money under this statute, and that idea was not treated, though the denial of the right of appeal involved this question. Scott v. Shepherd, 215 Ala. 671, 112 So. 137.

In the case of Lea v. Phillips, 216 Ala. 35, 112 So. 323, a married woman was denied this right of appeal without security for costs in a case in equity where she had lost in a suit filed by her to set aside and annul a

mortgage. There was doubtless a decree for costs against her, though no mention is made of it. There is a like situation in Cobb v. Reed Phosphate Co., 220 Ala. 55, 124 So. 94.

In the case of Peters v. Schuessler, 208 Ala. 627, 95 So. 26, the report of the case and the opinion refer to the fact that costs were decreed against the married woman in dismissing her petition. The appeal by her, under section 6138, without security for costs was dismissed.

Our conclusion is that a judgment merely for costs against a married woman is not a judgment for the payment of money within the meaning of section 6138, and therefore that the motion to dismiss this appeal should be, and is, sustained.

Appeal dismissed.

### On Rehearing.

██ Appellant seeks a rehearing that she may now be permitted to give security for costs of appeal, and she cites in support of this claim Coleman v. Smith, 52 Ala. 259; Cahalan v. Monroe, 65 Ala. 254; Guy v. Lee, 80 Ala. 346. We note in those cases that this court, in holding that a married woman could not appeal without giving security for the costs, made an order allowing her time in which to do so. When those cases were decided, the time for perfecting an appeal was controlled by the Rev. Code of 1867, or Code 1876, sections 3508, 3949, respectively. They allowed an appeal from a final judgment within two years. It was changed to one year in the Code of 1886 (section 3619), and it was the same in the Code of 1896 (section 436), but was changed to six months in the Code of 1907 (section 2868), and now so remains (section 6127, Code 1923). An examination for the original records of the cases cited failed to locate them, but they doubtless show that the term fixed by the court within which appellant was allowed to execute an appeal bond, when she had made no previous attempt to do so, was within the time in which she then had the right to take an appeal. And, having the right then to take an appeal, the privilege of doing so was granted without the necessity of making another transcript. Section 6101, Code, provides the manner of taking an appeal, and section 6127, the time in which it must be done, and, unless taken in such time and manner as there provided, it is not taken at all. Peters v. Schuessler, 208 Ala. 627, 95 So. 26, 27; Snider v. Funderburk, 209 Ala. 663, 96 So. 928; Burgin v. Sugg, 210 Ala. 142, 97 So. 216.

The case of Peters v. Schuessler, supra, is of a similar nature to this one. The court held that a married woman should have given security for costs within the time fixed by law, and that "this was not done and the time has elapsed," and therefore the appeal was dismissed without extending the opportunity then to do so. A similar order was made in the case of Holley v. Harris, 220 Ala. 417, 125 So. 660.

We cannot therefore grant appellant the privilege of executing a bond, for the time has elapsed and the right does not now exist.

Rehearing denied.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.