148 So. 335

## Ex parte WATKINS.

## CITIZENS' BANK v. WATKINS.

### 8 Div. 504.

Supreme Court of Alabama.

May 18, 1933.

Lynne & Lynne, of Decatur, for petitioner.

R. L. Almon, of Moulton, for respondent.

BOULDIN, Justice.

On certiorari, petitioner stresses the fact that the petition for mandamus discloses this was a claim suit in detinue under Code, § 7403, not a claim suit for trial of right of property levied upon under execution, section 10375, Code.

Judgment went for the plaintiff and against the claimant for the property sued for or its alternative value, assessed as per statute. Slaughter v. Webster, 194 Ala. 642, 70 So. 128.

It is here insisted the judgment was, therefore, one "for the payment of money" within the meaning of Code, § 6138. This extension of the married woman's appeal statute was subsequent to Guy v. Lee, 80 Ala. 346. Still, it is primarily a suit for the recovery of property, as there declared.

A judgment against the claimant failing in the suit for the alternate value was all the while provided for in trials of the right of property, and this procedure is adopted by reference in the statute providing for claim suits in detinue.

Again, the general detinue statute has all along provided for judgment for the property or its alternate value against the losing party, if the property was then in his possession. Code, § 7392.

Section 6138, exempting married women from giving security for costs of appeal, made to operate as a supersedeas without bond, has uniformly been construed as limited to the cases expressly provided therein; and construed in connection with related statutes touching supersedeas bonds on appeal.

Thus, judgments for "the payment of money" are superseded on appeal by executing bond under Code, § 6133; while judgments for the "recovery of property, real or personal," are superseded under Code, § 6134; and judgments on trial of right of property under special statute, Code, § 6136. Ex parte Brown, 213 Ala. 7, 105 So. 170; Scott v. Shepherd, Clerk of Circuit Court, 215 Ala. 671, 112 So. 137; Hildebrand v. First Nat. Bank of Fairfield, 221 Ala. 216, 128 So. 219.

Since the disabilities of coverture giving birth to the original statute have been removed, and a married woman has full power to contract, own, and dispose of property, conduct business as a feme sole, the reason for a strict construction of this statute is quite as strong as heretofore.

The judgment appealed from is properly treated as one for the recovery of per-

sonal property, not one for the payment of money, within the meaning of section 6138.

Certiorari denied, and judgment of the Court of Appeals affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.