179 So. 213

### WALKER v. HARRIS.

#### 6 Div. 190.

Supreme Court of Alabama.

Jan. 13, 1938.

Rehearing Denied Feb. 24, 1938.

Clark & Trawick, of Birmingham, for appellee.

Hiram Dodd, of Birmingham, for appellant.

GARDNER, Justice.

The appeal was taken within the time allowed by law (thirty days) from the decree sustaining demurrer to complainant's bill. Complainant is a married woman and filed an affidavit for the appeal without security for costs, as provided in section 6138, Code of 1923.

Upon submission of the cause, no motion to dismiss the appeal was submitted or other objection interposed by appellee to the prosecution of the appeal without giving security for the costs. But some time subsequent to the submission of the cause here appellee filed a motion to dismiss the appeal upon this ground, citing in brief in support thereof the cases of Peters v. Schuessler & Sons, 208 Ala. 627, 95 So. 26; Cobb v. Reed Phosphate Co., 220 Ala. 55, 124 So. 94; Lea v. Phillips et ux., 216 Ala. 35, 112 So. 323; Ex parte Watkins, 226 Ala. 634, 148 So. 335.

The appeal, however, was taken within the time allowed by law, and, conceding that security for costs should have been given, this was a defect in the manner of taking the appeal which, we think, appellee could and did waive by not interposing her motion upon submission. The discussion concerning this statute in Hildebrand v. First National Bank, 221 Ala. 216, 128 So. 219, suffices to show that it is not a jurisdictional question of which the court must take cognizance of its own accord.

The motion of appellee therefore came too late, and must be overruled. Frank Journequin v. Robert Land, ante, p. 29, 177 So. 132.

### On the Merits.

■ The exhibit to the bill is a contract duly signed by complainant and the Protective Industrial Insurance Company. Its recitals disclose that complainant made an appeal to the "company" (to so designate for brevity) to pay off a mortgage debt, delinquent taxes, and improvement assessments on the real estate therein described. Complainant was to convey the property to the company, and the latter was to pay off the past-due indebtedness.

But, evidently looking to complainant's interest, the contract gave to complainant the right any time within three years from that date to repurchase the property at the fixed sum of "$750.00 cash"; and that during such three-year period complainant could occupy the premises as tenant at a monthly rental of $7.50, the company to pay all taxes, insurance, and repairs.

The prayer of the bill is for a cancellation of this contract.

Whether the property was conveyed by complainant to the company as the contract contemplated is left wholly to conjecture. Complainant is alleged to be the owner of the property, but it is also averred that the contract was between complainant "and the respondent's privies in title." The company is not made a party, and defendant Harris'· interest is not otherwise shown than by the above-quoted averment, except that in the second paragraph is the averment that said defendant had no title to the property. The contract appears to have been one for complainant's protection, and the reason for its cancellation is difficult to discern. We conclude the assignment of demurrer that the averments are vague and indefinite was well taken.

■ Moreover, if the special prayer be disregarded, and the bill construed as one for performance of the contract, it is still too indefinite and uncertain and otherwise objectionable. So far as it now appears the company is a necessary party. Travelers' Fire Ins. Co. v. Young, 225 Ala. 671, 145 So. 140.

■■ And, in addition to this, the bill fails to show complainant complied with her part of the contract—that she paid the rent as agreed and tendered the $750 therein stipulated in the contract, nor does she now make any such offer or tender. The contract gave a period of three years, and, for aught appearing from the bill, complainant let the entire period elapse with no effort to meet the payment of $750, or in fact to make payment of the rent. Clearly before she could put the other party in default she must be able to show that she has not herself breached the contract, or, if so, give a proper excuse for her failure to perform. Keener v. Moslander, 171 Ala. 533, 54 So. 881. But further discussion is unnecessary.

The demurrer was properly sustained, and the decree is accordingly affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.