57 So.2d 515

**SKINNER v. PHILLIPS et al.**

**6 Div. 305.**

Supreme Court of Alabama.

March 13, 1952.

Bankhead, Skinner & Kilgore, Jasper, for appellant.

Elliott & Petree and Fite & Fite, all of Jasper, for appellees.

STAKELY, Justice.

J. M. Phillips died May 11, 1945. At the time of his death he was a resident of Walker County, Alabama. He left assets in this state most of which were in Walker County. His last will and testament was probated on June 19, 1945, and letters testamentary were duly issued to Annie W. Phillips, Ann D. O'Byrne and M. E. Nettles. By the decree of the Circuit Court of Walker County, in Equity, the administration of the estate was removed from the Probate Court of Walker County to the Circuit Court of Walker County, in Equity, and is being administered in the latter court by the aforesaid named executors.

On June 16, 1950, the executors filed a petition for partial settlement from January 1, 1949 through June 21, 1950. There being a number of minors interested in the estate a guardian ad litem was appointed to represent them. The appointment was accepted by the guardian ad litem who denied the allegations of the petition. Testimony was taken and on April 11, 1951, the court entered a decree approving settlement through June 21, 1950. On April 14, 1951, the guardian ad litem gave notice of appeal from the aforesaid decree. No security for costs of the appeal was given. For this reason there is a motion to dismiss the appeal. The cause is submitted here both on the motion to dismiss the appeal and on the merits.

Appeals are of statutory origin and in the absence of statute making provision for appeal, no appeal will lie. State v. Seminole Bottling Co., 235 Ala. 217, 178 So. 237. So long as there is no restriction on the right of this court to exercise its superintendence and control of lower courts under § 140 of the Constitution, the legislature can place such restrictions on the

right of appeal as it deems proper. Woodward Iron Co. v. Bradford, 206 Ala. 447, 90 So. 803. So the legislature in enacting what is now § 792, Title 7, Code of 1940, laid down the controlling provision that an appeal may be taken without giving a supersedeas bond, by the appellant giving security for costs of such appeal. Harris v. Barber, 237 Ala. 138, 186 So. 160. This statute is determinative of the question here presented. Griswold v. Thornton, 129 Ala. 454, 30 So. 717.

Section 786, Title 7, Code of 1940 is not applicable to the present case because it deals with appeals from the probate court and cases construing this statute, such as Ward v. Mathews, 122 Ala. 188, 25 So. 50, cannot be considered here. The appeal here is from the Circuit Court of Walker County, in Equity.

Appellant refers us also to § 766, Title 7, Code of 1940. But this statute is of no aid to appellant. This statute simply shows how an appeal may be shown and it provides that where neither security for costs nor supersedeas bond is given, the appeal may be shown by the written statement provided in this statute. For example, it may show that the appellant is a married woman and has a right to appeal without giving security for costs, because she comes within a specified class which exempts her from giving security for costs of appeal. § 799, Title 7, Code of 1940; Ex parte Johns; 209 Ala. 638, 96 So. 888.

Lastly in view of the insistence of appellant, we point out that cases such as Perryman v. Burgster, 6 Port. 99, are not applicable here because they deal with the non-liability for costs of a guardian ad litem in the trial court and not in this court.

It follows that since there is no statutory authority for the guardian ad litem to take an appeal from the circuit court, in equity, without complying with the requirements of § 792, Title 7, Code of 1940, the motion to dismiss the appeal must be granted.

Appeal dismissed.

BROWN, FOSTER, LAWSON and SIMPSON, JJ., concur.