v.

J. L. WINBOURNE et al.

6 Div. 533.

Supreme Court of Alabama.

Dec. 16, 1954.

Jessie Moline ROSSER

v.

Victor T. ROSSER.

6 Div. 624.

Supreme Court of Alabama.

Oct. 28, 1954.

Rehearing Denied Jan. 13, 1955.

M. B. Grace, Birmingham, for appellant.

Norman K. Brown, Bessemer, for appellee.

LIVINGSTON, Chief Justice.

This cause was submitted here on appeal on the merits and petition for writ of mandamus in the alternative, and on appellee's motion to require appellant to give security for costs or in the alternative to dismiss the appeal.

The complainant in the court below is a married woman. The decree appealed from was rendered on June 4, 1953. A motion for rehearing was made within the thirty-day period, and denied on July 10, 1953. On July 20, 1953, complainant made the affidavit provided for in Sec. 799, Tit. 7, Code 1940, and claims by virtue thereof an appeal was taken to this court on said date. At the time of submission of the cause in this court, a motion was made to dismiss the appeal because appellant had not perfected an appeal by giving security for costs as provided by law.

The preliminary question here involved will dispose of the appeal. It is controlled by Sec. 799, Tit. 7, Code 1940. The question is whether a final decree of the court of equity dismissing a bill and adjudging and decreeing that the complainant, a married woman, pay the costs of the cause is a decree for the payment of money under the terms of that statute.

In the case of Ex parte Cudd, 195 Ala. 80, 70 So. 721 (the State report of that opinion does not contain all of it, but there are three paragraphs omitted which will be found in the report of the case in 70 So. 721), the court was dealing with the question of whether a decree for costs was a decree for the payment of money within the meaning of what is now Sec. 793, Tit. 7 of the Code, which provides that when the decree is for the payment of money only, there must be a supersedeas bond given on appeal for it to have the effect of superseding execution of the judgment. The court held that a judgment for the costs did not alone constitute one for the payment of money, and, therefore, a bond to secure the cost of appeal has the effect of superseding the judgment when a supersedeas bond was not required by Sec. 794 or 795, Tit. 7.

We think it clear that in Sec. 799, supra, where reference is made to a judgment or decree for the payment of money, it means the same as a judgment or decree for the payment of money as provided in Sec. 793, supra. We held in Hildebrand v. First Nat'l Bank, 221 Ala. 216, 128 So. 219, that a judgment merely for costs is not a judgment for the payment of money within Sec. 799, supra.

It follows that the appellant in attempting to take advantage of Sec. 799, supra, did not succeed in invoking the jurisdiction of this court on appeal. So the question arises whether an appeal bond could now be given if desired by the appellant.

Under Equity Rule 62, Code 1940, Tit. 7 Appendix, a motion for a rehearing suspends the time for taking an appeal pending a ruling on the same. Therefore, the right to give bond and appeal within six months under Sec. 788, Tit. 7, has expired

and such a bond would now serve no useful purpose.

■ Sec. 806, Tit. 7, in substance, provides that no appeal shall be dismissed for want of a sufficient bond, or a bond for the costs of the appeal if the appellant will give a sufficient bond. This has been held not to apply where the time for taking an appeal has expired and within that time the jurisdiction of this court was not in some manner effectually obtained by an attempt to appeal. But in order to come within that section, it is necessary to make an attempt to appeal sufficient to invoke the jurisdiction of this court, as by executing a bond which is defective in some respects but sufficient to transfer jurisdiction. We have considered that question in several of our cases referred to in Terry v. Gresham, 254 Ala. 349, 48 So.2d 437. Unless the judgment is for the payment of money, an attempt by a married woman to comply with Sec. 799, supra, is of no avail and does not serve to transfer jurisdiction to this court. The following cases have bearing upon that principle: Skinner v. Phillips, 257 Ala. 138, 57 So.2d 515; Balls v. Crump, 256 Ala. 512, 56 So.2d 108; Ex parte Jones, 217 Ala. 208, 115 So. 301; Scott v. Shepherd, 215 Ala. 671, 112 So. 137; Ex parte Brown, 213 Ala. 7, 105 So. 170.

The petition for mandamus hereinabove referred to relates to an interlocutory order of the court rendered May 14, 1953, sustaining exceptions to the register's report with respect to the property owned by the respective parties and the amount that should be allowed to complainant for support of herself and three minor children, and reserving decision on exceptions to that feature of the report that $100 is a reasonable solicitor's fee for representing complainant in this suit.

The original bill by the wife sought a divorce from the defendant and alimony for support of herself and their minor children. The register made a report on a reference ordered as to such matters. Exceptions were filed. The decree of May 14, 1953 gave a statement of certain facts found by the court as supporting that decree. In that decree, he ordered the cause set down for final hearing on June 4, 1953, and that testimony be taken orally before the court. The instant petition for mandamus also sought to have expunged that feature of the order setting the cause down for hearing on June 4, 1953, and that the testimony be taken orally in open court.

■ On June 4, 1953, the court entered the final decree dismissing the bill and taxing complainant with the costs. It is from that decree that the complainant attempted ineffectually to appeal, as we are holding. In dismissing the appeal, the entire cause stands dismissed by a final decree to that end. That carries with it all interlocutory orders and proceedings had in it. Therefore, a mandamus as to such matters is now of no avail.

We have demonstrated above that this court never acquired jurisdiction of the cause, and that, therefore, the appellee's motion to dismiss the appeal is timely; and as we have also above demonstrated, the petition for mandamus in the alternative is without merit.

The appeal is dismissed and the petition for mandamus is denied.

Appeal dismissed.

LAWSON, STAKELY and MERRILL, JJ., concur.