**STOLLENWERCK v. THORINGTON, Judge.**
(3 Div. 831.)

Supreme Court of Alabama.    Jan. 19, 1928.

**1. Continuance ⬤⇒7—Continuance rests largely in discretion of trial court.**

Question of continuance of cause rests largely in sound discretion of trial court.

**2. Appeal and error ⬤⇒488(1)—Appeal by married woman without security for costs.stays effect of portion of decree dissolving injunction obtained by her, statute as to reinstatement of injunction on bond being inapplicable (Code 1923, §§ 6138, 8312).**

Appeal taken by married woman without giving security for costs, under Code 1923, § 6138, providing that such appeal shall operate as "suspension and stay of any proceedings," stays effect of portion of decree dissolving temporary injunction obtained by her; section 8312, authorizing reinstatement of injunction on appeal by bond, being inapplicable.

**3. Action ⬤⇒69—Continuance of unlawful detainer suit pending determination of equity suit granting relief sought held proper.**

Continuance of suit in unlawful detainer for possession of house, pending determination of appeal in equity suit between parties which would substantially grant relief sought in unlawful detainer suit, *held* proper.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Petition of Frank Stollenwerck for mandamus to Hon. J. Winter Thorington, as Judge of the Court of Common Pleas of Montgomery County. From a judgment denying the writ, petitioner appeals. Affirmed.

Ball & Ball, of Montgomery, for appellant.

The appeal does not reinstate or restore an injunction which has been dissolved. Code 1923, § 8312; Chancery Rules 87, 100; 32 C. J. 430. Filing of the cross-bill in the equity case was not a waiver of any rights involved in the unlawful detainer suit. The appeal from the equity decree is void. Clark v. Knox, 65 Ala. 401; Collins v. Baldwin & Co., 109 Ala. 402, 19 So. 862; Sellers v. Smith, 143 Ala. 566, 39 So. 356; Rensford v. Magnus Co., 150 Ala. 288, 43 So. 853; 3 C. J. 1012.

Hill, Hill, Whiting, Thomas & Rives and Arthur B. Chilton, all of Montgomery, for appellee.

Code, § 8312 and Chancery Rules 87 and 100 do not apply to a case covered by section 6138. All proceedings, including the unlawful detainer suit, were stayed by the making of the affidavit in pursuance of the statute until the Supreme Court finally determines the cause. Code 1923, § 6138.

GARDNER, J. Appellant, Stollenwerck, instituted a suit in unlawful detainer against Mamie D. and Henry C. Jones, in the court of common pleas of Montgomery county, for the possession of a house and lot at the corner of Fairview avenue and Mastin street, in said county. A few days subsequent the defendants in said action filed their bill in the equity court of said county against this appellant for an accounting and other relief. In their bill complainants insisted that the deed to the property involved in the unlawful detainer suit and referred to as the "home place," executed to said Stollenwerck, was intended as a mortgage, that it was invalid, and there had been no relationship of landlord and tenant created. Other transactions involving various pieces of real estate were likewise embraced within the influence of this equity litigation which need no specific reference here. ·By way of incidental relief the further prosecution of the unlawful detainer suit was enjoined by the issuance of the temporary writ of injunction. Stollenwerck filed answer and cross-bill seeking appropriate relief consistent with the contention that the deed was valid and absolute, that there had been attornment to him by complainants, and that judgment should be rendered for the unpaid rent.

Upon consideration of the equity cause for final decree the chancellor granted cross-complainant relief, giving judgment in his favor for the rent, and finding he was the absolute owner of the "home place" and entitled to the possession thereof, and ordered the issuance of a writ of possession. The temporary injunction theretofore issued was dissolved. From this decree complainant Mamie D. Jones has appealed without security for costs. Her right to prosecute the appeal for a review and consideration in this court is this day determined favorably to her contention. Ex parte Mamie D. Jones, post, p. 208, 115 So. 301, this day decided.

Subsequent to the rendition of the final decree in equity, Stollenwerck sought a trial of the unlawful detainer suit. It being made to appear to the judge of the court of common pleas that the equity court had acquired jurisdiction of the parties to the suit and of the subject-matter and rendered final decree, from which appeal to the Supreme Court had been prosecuted and was then pending, the judge continued the unlawful detainer suit over the protest of the plaintiff therein, and this mandamus proceeding was instituted to compel a trial thereof. Petition for mandamus was denied and petitioner appeals.

[1, 2] The question of continuance of a cause is one resting largely in the sound discretion of the trial court. The appeal of Mamie D. Jones brings the equity cause here for review. The extent of the review and matters here to be determined are for future consideration. Under the provisions of section 6138, Code of 1923, the appeal operated as a "suspension and stay of any proceed-

ings" under the decree, and thus takes such an appeal from without the general statute and rule of law as to dissolution of an injunction and reinstatement thereof pending appeal by execution of bond as fixed and allowed by the chancellor or member of this court upon the chancellor's refusal. Section 8312, Code of 1923. A holding to the contrary would in a large measure nullify the express provision of section 6138, supra, quoted above.

[3] It appears from a casual consideration that the final decree in equity grants the substantial relief sought in the action of unlawful detainer. Manifestly, in view of the appeal taken by Mamie D. Jones, the trial judge of that court wisely exercised his sound discretion in passing the case pending the determination of the appeal involving the same subject-matter between the same parties.

We conclude, therefore, that the petition for mandamus was correctly denied, and the judgment will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and BOULDIN, JJ., concur.