(115 So. 301)

Ex parte JONES.    (3 Div. 821.)

Supreme Court of Alabama.   Jan. 19, 1928.

1. **Appeal and error** ⊛═►374(1)—**Married woman can appeal without giving security for costs in specified cases if she make prescribed affidavit, and truth of affidavit cannot be questioned (Code 1923, § 6138, and § 6101, subd. [a]).**

Married woman can prosecute appeal without giving security for costs in specified cases if she make prescribed affidavit as to inability to give security for costs, as a matter of right, under Code 1923, § 6101, subd. (a), and section 6138, and truth of affidavit cannot be questioned in dealing with appeal.

2. **Husband and wife** ⊛═►243—**Wife might appeal alone from joint and several decree against herself and husband (Code 1923, § 6143).**

Wife had right to appeal alone from joint and several decree for payment of money against herself and husband, and did not need to join husband, under Code 1923, § 6143.

**3. Appeal and error ☞374(1)—Married woman can appeal without giving security for costs so far as decree falls within statute, though portions of decree are not appealable without giving security (Code 1923, § 6138).**

Married woman has right to appeal from decree without giving security for costs if she make prescribed affidavit in so far as decree falls within Code 1923, § 6138, even though she cannot appeal from some portions of decree without giving security for costs.

**4. Mandamus ☞57(1)—Supreme Court can issue mandamus to require register of court to certify transcript on appeal where jurisdiction has attached (Code 1923, § 6138).**

Supreme Court has inherent power to issue writ of mandamus to require register of circuit court below to make and certify transcript on appeal to Supreme Court, taken by married woman without giving security for costs, under Code 1923, § 6138, where appeal has been duly taken and jurisdiction of Supreme Court has attached.

Original petition by Mamie D. Jones for mandamus to John R. Matthews, Register of the Circuit Court of Montgomery County, in Equity. Mandamus granted.

Arthur B. Chilton and Hill, Hill, Whiting, Thomas & Rives, all of Montgomery, for petitioner.

The Supreme Court has power to issue the writ prayed. Constitution 1901, § 140; Ex parte Smith, 23 Ala. 94. Her appeal having been perfected, jurisdiction in the Supreme Court attached, and it was not necessary that petitioner first apply to the circuit court. Petitioner was entitled to appeal without giving security for cost. Code 1923, § 6138.

Ball & Ball, of Montgomery, opposed.

The jurisdiction of the Supreme Court to issue mandamus is revisory, and will not be exercised if there be any other court or judge with power to issue such writs. The petition should have been presented to the circuit court. Constitution 1901, §§ 140, 143; Code 1923, §§ 10276, 6676, 8978; Ex parte Pearson, 76 Ala. 521; Ex parte Town of Roanoke, 117 Ala. 547, 23 So. 524; State v. Hewlett, 124 Ala. 471, 27 So. 18; Christopher v. Stewart, 133 Ala. 351, 32 So. 11; Ex parte Tarleton, 2 Ala. 35; Ex parte Mansony, 1 Ala. 98; Ex parte Tower Mfg. Co., 103 Ala. 415, 15 So. 836. The petitioner cannot appeal in her own name; the bill and decree are joint and not several. 3 C. J. 1011, 1012; Clark v. Knox, 65 Ala. 401; Collins v. Baldwin & Co., 109 Ala. 402, 19 So. 862; Sellers v. Smith, 143 Ala. 566, 39 So. 356; Rensford v. Magnus Co., 150 Ala. 288, 43 So. 853; Greenstein v. Bank, 157 Ala. 538, 47 So. 1036; Walsh v. Hill, 169 Ala. 410, 53 So. 746; Dickens v. Dickens, 174 Ala. 305, 56 So. 806. Section 6138 does not apply to this decree. The affidavit required under the statute is subject to be overcome by counter proof. 2 C. J. 373, 376.

BOULDIN, J. Petition in this court by Mamie D. Jones for mandamus directed to John R. Matthews, register of the circuit court of Montgomery county, in equity, requiring him to make and certify the transcript upon appeal to this court from a decree in consolidated causes Nos. 3486 and 3459, in the circuit court, in equity.

The petition avers and the answer admits that a decree for the payment of money, $69,-334.88, was rendered in favor of Frank Stollenwerck against petitioner, Mamie D. Jones, and Henry C. Jones, her husband.

[1] A proper statement was filed under Code, § 6101, subd. (a), for taking appeal when no security for costs is required, accompanied by affidavit setting forth that appellant is a married woman, and is unable to give security for costs of appeal, and desires to prosecute an appeal without security for costs, under Code, § 6138. Ex parte Brown, 213 Ala. 7, 105 So. 170.

The right of a married woman to prosecute an appeal from a decree, coming within the terms of section 6138, is matter of right, upon making the prescribed affidavit. No issue can be made upon the truth of the affidavit in dealing with such appeal. This has been the uniform construction of the statute.

[2] That the decree for the payment of money was against petitioner and her husband jointly and severally does not defeat her right to appeal individually without joining her codefendant. This is expressly authorized, and the method of procedure with reference to the codefendant is provided for by Code, § 6143. Sherrod v. McGruder, 209 Ala. 260, 96 So. 78.

[3] If the decree also grants some relief from which an appeal does not lie without security for costs, this would not defeat her right to review the decree so far as thus appealable under the statute. Whether such other features of the decree may be assigned as error without security for costs is not now before us.

[4] The jurisdiction of this court to grant mandamus in the premises is questioned. The argument is based upon the line of cases recognizing the jurisdiction of this court as appellate and supervisory, that mandamus will not be granted here when jurisdiction to do so exists in a nisi prius court.

In the recent case of Scott v. Shepherd, 215 Ala. 671, 112 So. 137, an appeal was entertained without question from the judgment of the circuit court denying a writ of mandamus to require the clerk to certify an appeal to this court in which a married woman claimed the right of appeal, under section 6138. In that case the right of appeal was

denied. No jurisdiction of the appeal had been acquired by this court.

In this case the appeal was duly taken, the jurisdiction of this court has attached, and we do not question the inherent power of the court, in aid of its appellate jurisdiction, to bring up the record or perfect it by certiorari or other appropriate writ, such writ as will accomplish the desired end in the particular case.

The writ of mandamus will be granted as prayed.

ANDERSON, C. J., and SAYRE and GARD-NER, JJ., concur.