LIVINGSTON, C. J., and LAWSON and GOODWYN, JJ., concur.

191 So.2d 379

Gary Charles LAWSON, Pro Aml

v.

Julian SWIFT, Clerk, Circuit Court, Tenth Judicial Circuit.

Charles E. LAWSON

v.

Julian SWIFT, Clerk, Circuit Court, Tenth Judicial Circuit.

6 Div. 191, 191–A.

Supreme Court of Alabama.

Oct. 27, 1966.

228

Higgins, Windham, Perdue & Johnson, Birmingham, for appellants.

Porterfield & Scholl, Birmingham, for appellee.

COLEMAN, Justice.

Plaintiffs, in two separate actions at law, are a minor and his father. In one action, the minor sued defendant for personal injury. In the other action, the minor's father sued the same defendant for medical expenses and loss of services resulting from the injury to his son.

The two actions were consolidated and tried together in the circuit court and on appeal. See: 6 Div. 147, Mrs. Betty H. Bentley v. Gary Charles Lawson, Pro Ami Charles E. Lawson; and 6 Div. 147–A, Mrs. Betty H. Bentley v. Charles E. Lawson, delivered this day, Ala., 191 So.2d 372.[1] The issues in the instant proceedings are the same with respect to both cases and we express this opinion as applicable to both cases.

Judgment was rendered for plaintiffs in both actions and the defendant undertook to appeal under § 799, Title 7, Code 1940, without giving bond. She made affidavit that she is a married woman and unable to give security for costs of appeal, whereupon the clerk of the circuit court proceeded to prepare the record for appeal.

Plaintiffs applied to the circuit court for a rule nisi ordering the clerk of the circuit court to appear before that court and show cause why a peremptory writ should not be issued requiring him, inter alia, to inquire into the truthfulness of defendant's affidavit of inability and to recall his certificate of appeal. An order to show cause, as distinguished from an alternative writ of mandamus, was issued to the clerk. After hearing, the circuit court denied the writ prayed for by plaintiffs and they have appealed.

The plaintiffs assert that the affidavit is not true with respect to defendant's ability to give such security. Plaintiffs say that defendant is able to give security for costs of appeal. Defendant denies this.

One of the parties applied to us for an extraordinary writ which would have presented to this court the trial of the issue of defendant's ability, vel non, to furnish security for costs of appeal. After hearing, under Supreme Court Rule 14, as amended, we denied the writ without opinion, whereupon the plaintiffs began the instant case in the circuit court. Defendant there contended that that court had no jurisdiction to entertain the instant proceedings because an appeal had been taken and the complete jurisdiction had been transferred to this court and no power to decide remained in the circuit court. For future guidance in a contest of the right to appeal without giving security for costs, we express the following opinion as to procedure.

In Ex parte Jones, 217 Ala. 208, 115 So. 301, this court entertained an application for an "ALTERNATIVE WRIT OF

1. Ante p. 220.

MANDAMUS commanding" the register to prepare and send up to the supreme court a transcript in a cause in the equity court or to appear before this court on a day certain and show cause why a peremptory writ of mandamus should not issue requiring the register so to do. After return and submission, this court issued the peremptory writ, as appears in the original record of the *Jones* case.

Among the issues raised in *Jones* was whether this court had jurisdiction to grant mandamus in the premises. This court decided that it did have such jurisdiction and did grant the writ.

■ We do not now question that holding. We think it is settled that this court does have such jurisdiction. There is this difference between the two cases. In *Jones*, the register had refused to prepare the transcript. The final decree complained of had been rendered on July 28, 1927. On July 30, 1927, appellant had filed in office of the register an affidavit that she was unable to give security for costs. The register did not proceed to prepare the transcript and on September 24, 1927, appellant filed in this court her petition for mandamus. The action of this court, in entertaining the original petition here, rather than requiring application first to the trial court, may have been based on the shortness of the time remaining to take an appeal in the principal case, which was decided in Jones v. Stollenwerck, 218 Ala. 637, 119 So. 844. In the instant case, the clerk had advised plaintiffs that defendant had made the affidavit and that the clerk had proceeded "to perfect the appeals with supersedeas." In the instant case there was no danger that defendant would be deprived, by the erroneous action of the clerk, of her right to appeal if she did in fact and law qualify under § 799, Title 7, to appeal without giving security for costs of appeal. In cases where the clerk or register has proceeded to prepare the record and process the appeal, as in the instant case, we are of opinion that application for mandamus, to require the clerk or register to desist from preparation and processing of the appeal and to reject the affidavit of inability to give security for costs, should be brought in the circuit court in the first instance, and, if review be desired, then to this court by appeal.

The procedure of applying first to the circuit court was followed in Scott v. Shepherd, 215 Ala. 671, 112 So. 137, even in a case where the clerk had refused to certify appellant's appeal to the supreme court. We think that procedure was properly followed here.

■■ In the instant case, the clerk did not file a written return to the order to show cause. We think he should have done so. Plaintiffs say that, where respondent to an alternative writ has failed to attack the legal sufficiency of the petition for the writ or the alternative writ, respondent has waived the right to challenge the sufficiency; and, also that a failure to answer the traversable allegations of the application for mandamus or the recitals of the alternative writ results in these allegations being taken as true, citing Hughes v. State ex rel. Brewer, 252 Ala. 202, 40 So.2d 325. Plaintiffs are probably correct in this contention, except that where the facts alleged in the petition and writ do not show a right to relief, that is to say, a cause of action, then the plaintiffs are not entitled to a writ of mandamus whether the sufficiency of the pleading is tested by demurrer or not.

"With us mandamus is a civil proceeding or remedy, commenced by petition, and the petition constitutes the first pleading in the case, and where, as here, it seeks to compel official action, it is incumbent on the petitioner to show, by averments, as well as proof, a specific legal right in the petitioner to have the act performed, and that the respondents are under duty and have the authority to do the act (Citations Omitted.); and, if the averments do not show such right the petition will be dismissed, although its

averments are not controverted or denied (Citations Omitted.)." State ex rel. Gaston v. Cunninghame, 216 Ala. 423, 426, 113 So. 309, 312.

We will consider whether the petition states a cause of action. Defendant's right to appeal without giving security for costs of the appeal depends on the construction of § 799, Title 7, which recites:

"From any judgment, order or decree of any court of record, subjecting to sale any property of, or for the payment of money or the doing or performing any act by any married woman, she is entitled to an appeal to the supreme court or court of appeals to revise such judgment, order, or decree, without giving security for the costs of appeal; on making affidavit that she is unable to give such security; and such appeal shall operate as a suspension and stay of any proceedings under such judgment, order or decree until such appeal shall be determined by the supreme court or court of appeals."

The only objection raised by plaintiffs is the objection that defendant is able to give security for costs of appeal and that the contrary statement in the affidavit is untrue. We think the right of an appellee to contest the issue of the truthfulness of the affidavit in this respect was considered in Ex parte Jones, supra, and decided adversely to the contention of the plaintiffs in the instant case.

In *Jones*, this court decided that the affidavit was conclusive on the issue of the married woman's ability to give security for the costs of appeal.

We have examined the original record in *Jones*. Bound with that record is a copy of the brief filed by counsel for the register in chancery who, in *Jones,* contested the right of a married women to appeal without giving security for costs of appeal. Under Proposition IV, that brief recites:

"The affidavit required by 6138 (now § 799, Title 7) is merely pleading but if it be proof, it is only prima facie, and subject to be overcome by counter proof.". (Par. Added.)

The reporter's abstract of argument of counsel shows that counsel for the married woman argued that she "was entitled to appeal without giving security for cost." (217 Ala. at page 209, 115 So. 301.)

In the register's answer to the writ, he says that the married women had made no effort to obtain security for costs of appeal; that, in the litigation between the parties, she and her husband had filed injunction bonds for $500.00 and for $2,500.00; that her husband had testified that she was worth about $100,000.00; that the estimated cost of the transcript was $2,500.00; and that she "could and would but for said statute 6138 have obtained and given security for the cost of said appeal."

In amendment to her petition, the married woman said that her testimony, and that of others, on the trial showed that she was "without funds of any kind, except the property" involved in the suit; that she was "in dire distress" and borrowed money to buy food and pay her water bills to the city; and that, if the decree from which she seeks to appeal remains in effect, "that she will be and is poverty stricken."

We think it clear that the parties in *Jones* sought to try the issue of the woman's liability to give security for costs of appeal. This court denied the register's right to raise that issue and said:

"The right of a married woman to prosecute an appeal from a decree, coming within the terms of section 6138, is matter of right, upon making the prescribed affidavit. No issue can be made upon the truth of the affidavit in dealing with such appeal. This has been the uniform construction of the statute." (217 Ala. at page 209, 115 So. at page 301.)

*Jones* was decided thirty-eight years ago. Section 6138 of the 1923 Code

has been carried into the 1940 Code as § 799, Title 7, without material change. Many legislatures have met and adjourned without amending this statute. The legislature has clearly demonstrated its ability and intention to enact legislation providing for examination and contest of the ability of a litigant to pay for transcript and costs of appeal. Act No. 62, Section 5, et seq., 1961 Acts, Vol. II, page 1932; Act No. 525, Section 5, et seq., 1963 Acts, Vol. 2, page 1131. Since the decision in *Jones,* the legislature has expressed no intention to change the rule of that case as to the conclusive effect of the affidavit of the married woman on the issue of her ability to give such security. We are of opinion that the decision in *Jones* ought to stand under the doctrine that the reenactment of a statute, without material change, after a judicial construction by the court of last resort of the state, is a legislative adoption of such judicial construction. Mobile County v. Williams, Judge, 180 Ala. 639, 663, 61 So. 963, on application for rehearing.

The single question here is whether an appellee may question the truth of appellant's statement that she is unable to give security for costs of appeal. Following *Jones,* we hold that the affidavit as to appellant's inability is conclusive. We do not decide whether the affidavit is conclusive as to the fact that appellant is a woman, or is married, or that the judgment is one to which § 799 applies, or as to any other objection which might be raised as to the sufficiency of the affidavit or as to appellant's right to appeal without giving such security.

Under the averments of plaintiffs' petitions for mandamus, plaintiffs' right to relief is based on plaintiffs' right to contest the truth of the statement in defendant's affidavit that she is not able to give security for costs of appeal. We hold that plaintiffs have no right to contest the truth of this statement in defendant's affidavit. It follows then that, under the averments of the petitions, plaintiffs have

no right to mandamus and the petitions do not state a cause of action.

The trial court, for different reasons, held that plaintiffs were not entitled to mandamus. The judgment appealed from is the same judgment which follows from application of the rule that the married woman's affidavit is conclusive on the issue of her ability to give security for costs of appeal, and, therefore, the judgment is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and GOODWYN, JJ., concur.