RUSSELL, Judge.
This is an appeal from a denial of a petition for a writ of mandamus.
Billy R. Renfrow (appellant) filed an application with the Board of Managers of the City of Birmingham Retirement and Relief System (Board) for extraordinary disability benefits pursuant to the Pension Board Act (Act). 1973 Ala. Acts, No. 1272. He alleged that, as the result of an accident, he sustained a permanent hearing loss which was compensable under the provisions of the Act. Following a hearing, however, the Board denied the appellant’s application.
Subsequently, the appellant filed a petition for writ of mandamus in the Circuit Court of Jefferson County, seeking to have the Board’s decision denying him relief vacated. The case was scheduled for hearing, but was continued pending an additional hearing before the Board. At the conclusion of that hearing, the Board again denied the appellant’s application.
On January 3, 1990, the circuit court entered its order, denying the appellant’s petition and concluding “that the [Board] had substantial legal evidence before it upon which to base its decision that the [appellant] was not entitled to extraordinary disability.” The trial court did conclude, however, that the appellant was entitled to other ordinary disability benefits. This appeal followed. We affirm.
We find the dispositive issue to be whether the decision of the Board denying the appellant extraordinary benefits was manifestly wrong.
Initially, we note that where the facts are not in dispute, no presumption of correctness attaches to the trial court’s determination, and this court’s inquiry is limited to whether the relevant law was correctly applied to the undisputed facts. Gaston v. Ames, 514 So.2d 877 (Ala.1987).
Section 8 of Article VI of the Act provides that a municipal employee is entitled to extraordinary benefits when he becomes “totally disabled to perform his customary duties by reason of a personal injury received as a result of an accident arising out of and in the course of the employment ... and occurring at a definite time and place.” 1973 Ala. Acts, No. 1272 at 2142-43 (emphasis supplied).
Moreover, § 11 of Article III dictates that a circuit court’s review of the Board’s determination is by mandamus. It provides in pertinent part:
“If in the Circuit Court evidence is received, in addition to that considered by the Board, the decision of the Board upon all matters of fact shall, nevertheless, be final and conclusive, except to the extent limited by the next following sentence. If the Circuit Court after hearing all the evidence offered determines that had the decision rendered by the Board been rendered after hearing such evidence that such decision would not have been manifestly wrong, then the Circuit Court shall sustain the decision of the Board....”
1973 Ala. Acts, No. 1272 at 2135-36 (emphasis supplied).
Although the appellant asserts that this court must reverse the circuit court for its alleged failure to apply the proper standard of review in upholding the Board’s determination, we note that our review under the *1349 applicable standard leads us to conclude that the decision of the Board denying the appellant benefits was not manifestly wrong.
In concluding that the decision of the Board was not manifestly wrong, we note that the appellant acknowledged that he had, over a period of years, suffered from a hearing loss as a result of long-term exposure to excessive noise in the workplace. Furthermore, there was also testimony that the appellant’s condition necessitated his temporary absence from work at a time prior to the date he allegedly sustained the injury for which he now seeks recovery.
Moreover, much of the testimony by the appellant’s physician supports the Board’s conclusion that the appellant had not suffered an injury “occurring at a definite time and place,” but, rather, that he had suffered a hearing loss as a result of his repetitive exposure to noise in the workplace occurring over a period of years. Thus, we conclude that, in light of such testimony, the decision of the Board was not manifestly wrong.
Consequently, this case is due to be affirmed.
AFFIRMED;
INGRAM, P.J., and ROBERTSON, J., concur.