STEAGALL, Justice.
Cecil A. Peters applied to the City of Birmingham Retirement and Relief System (hereinafter “Retirement Board”) for an extraordinary disability allowance after he was injured in the course of his employment for the City of Birmingham. The Board of Managers of the Retirement Board denied the application. Peters filed a mandamus petition in the Jefferson Circuit Court, asking the court to vacate the Retirement Board’s decision. Following an ore tenus hearing, the trial court denied the petition. Peters appeals.
Peters worked as a heavy equipment operator for the City for 28 years; his job was classified as heavy level work. In August 1990, Peters slipped and fell into a concrete ditch during the course of his work, injuring his left knee and back. His treating physician stated that Peters was unable to return to work and referred him to an orthopedic surgeon and neurosurgeon. The City placed Peters on “injured with pay” status.
Peters began 16 weeks of “crutch and gait physical therapy” and, in September 1990, underwent arthroscopic surgery on his knee. He also applied that month for extraordinary disability benefits. Peters finished physical therapy in December 1990, but continued to suffer pain and swelling in his left knee. His therapist then recommended that he begin “work hardening” therapy, and the Retirement Board informed him that he would be taken off injured-with-pay status if he did not begin that therapy. Peters began “work hardening” therapy in January 1991, but attended only two sessions before he terminated the treatment due to continuing pain. His physician sent a letter to the City, stating that Peters was “unable or unwilling” to return to the work hardening program and recommending that Peters take a medical retirement.
Peters thereafter applied for extraordinary benefits under Ala.Acts 1973, Act No. 1272 (“The Pension Act”), Art. VI, § 8, which provides that a municipal employee is enti- *1369 tied to extraordinary benefits if he becomes “totally disabled to perform his customary duties by reason of personal injury received as a result of an accident arising out of and in the course of the employment in the Service and occurring at a definite time and place.” Act No. 1272 at 2142-43. At the subsequent hearing on Peters’s petition for extraordinary benefits, the City recommended that the Retirement Board deny the petition because Peters had not cooperated with his work hardening therapy. Kelly Roswell, Peters’s therapist, testified that Peters exhibited over-exaggerated signs of pain during preliminary portions of the therapy. She also testified that Peters refused to perform exercises that might enable him to return to work to perform at least medium level work, if not to his previous level of heavy labor. The Retirement Board subsequently denied extraordinary benefits for Peters.
Peters thereafter underwent a second arthroscopic examination by Dr. Carter Slap-pey, an orthopedic surgeon. Dr. Slappey found that there was still torn cartilage in the back of Peters’s knee that would cause him continued pain and prevent him from participating in work hardening therapy. Dr. Slappey performed arthroscopic surgery on the knee.
Peters thereafter appealed to the circuit court from the Retirement Board’s denial of extraordinary benefits. For the first time, the City argued that Peters’s inability to cooperate with rehabilitation was due to a number of pre-existing medical problems and not his on-the-job knee injury. The City presented a letter from Peters’s former physician listing 17 past and present medical problems Peters suffered, including a heart attack in 1979 and a broken right knee. The City also submitted a letter from a second physician who recommended retirement status based on these medical problems. The evidence also included a medical report from a third doctor in which he stated that, in his opinion, there was “no doubt” that Peters had a pre-existing chronic problem with his left knee at the time of the on-the-job injury. In rebuttal, Peters submitted Dr. Slappey’s deposition testimony in which the doctor opined that Peters’s continued complaints of pain and inability to perform work hardening therapy were attributable to the torn cartilage that remained from the on-the-job injury.
In its subsequent order affirming the Retirement Board’s denial of benefits, the trial court stated its standard of review:
“This is not a de novo review and the Court may not substitute its judgment for the judgment of the Board. Unless the Court is satisfied that the decision of the board is manifestly unjust, the relief sought by the Plaintiff must be denied.
[[Image here]]
“The record of the proceedings before the Board indicates that the Board had sufficient material submitted to it to find that the Plaintiffs injury did not entitle him to extraordinary disability benefits. Therefore, the Court cannot find that the actions of the Board . were manifestly wrong.”
From this, it appears that the trial court applied a standard of review that allowed it to consider only that evidence that had been presented to the Retirement Board at its hearing. The Act, however, provides for a broader standard:
“If in the Circuit Court evidence is received, in addition to that considered by the Board, the decision of the Board upon all matters of fact shall, nevertheless, be final and conclusive, except to the extent limited by the next following sentence. If the Circuit Court after hearing all the evidence offered determines that had the decision rendered by the Board been rendered after hearing such evidence that such decision would not have been manifestly wrong, then the Circuit Court shall sustain the decision of the Board, and if the Circuit Court, after considering all the evidence, determines that the decision rendered by the Board would have been manifestly wrong had such decision been rendered after considering all the evidence considered by the Circuit Court, then in that event the Circuit Court shall render the decision which that Court concludes *1370 should be rendered on all the evidence considered by that Court.”
Act No. 1272, Art. III, § 11, at 2135-36.
This rather lengthy provision was clarified by the Court of Civil Appeals in Brewer v. City of Birmingham, Retirement & Relief System Board of Managers, 585 So.2d 46 (Ala.Civ.App.1990). There, a municipal employee petitioned the circuit court for a writ of mandamus after the Retirement Board had denied his claim for extraordinary benefits for injuries sustained on the job. The employee presented additional evidence at the subsequent hearing; however, as in this case, the circuit court’s order showed that it had considered only the evidence that was before the Retirement Board to determine that the Retirement Board’s decision was not manifestly wrong. In reversing the circuit court’s judgment, the Court of Civil Appeals pointed out that the Act allows the circuit court to review the Retirement Board’s decision based solely on the evidence that was presented to the Retirement Board, or to consider additional evidence that was not before the Retirement Board when it made its determination. From the Act, the Court distilled the following standard of review for cases where the trial court does hear additional evidence that was not presented to the Retirement Board: First, the trial court should determine whether the decision of the Retirement Board is manifestly wrong in light of the evidence that was presented before the Retirement Board; the trial court should then determine whether the additional evidence presented would render the board’s decision manifestly wrong. The Court of Civil Appeals also adopted this standard of review for itself and, after examining the additional evidence that was presented to the circuit court, reversed that court’s judgment and awarded the extraordinary benefits to the plaintiff.
We agree with the Court of Civil Appeals’ analysis of the Act’s standard of review and, applying it here, we must consider the additional evidence presented to the circuit court. In regard to the evidence concerning Peters’s preexisting conditions, we recognize that preexisting conditions or diseases do not prevent an employee from obtaining compensation for injuries suffered in the course of his employment, if he was able to do his job before the injury. G.C. Colyer & Co. v. McAdams, 562 So.2d 1326 (Ala.Civ.App.1990). This rule of law was established in regard to the Workers’ Compensation Act, which does not apply to municipal employees in cities whose population exceeds 250,000, Ala.Code 1975, § 25-5-13; however, the identical language found in the Pension Board Act and the Workers’ Compensation Act and the similar purposes of the acts are reason enough to find rules of law established in workers’ compensation cases applicable to cases arising under the Pension Act. See Board of Managers of Birmingham Retirement & Relief System v. Elliott, 532 So.2d 1019 (Ala.Civ.App.1988). The record shows that none of the preexisting conditions as to which the circuit court heard evidence had ever hampered Peters’s ability to do heavy work; rather, the record shows that his ability was lessened only after his on-the-job knee injury. In view of this, we hold that evidence of preexisting conditions would not bar an award of extraordinary disability in this case.
The other additional evidence before the circuit court was the deposition testimony of Dr. Slappey, who stated that Peters’s continued pain and inability to perform work therapy arose from the torn cartilage that remained in his knee. The record indicates that the Retirement Board denied Peters’s petition for extraordinary benefits solely on the basis of the testimony of Peters’s therapist, who indicated that Peters was malingering and uncooperative. The therapist’s opinion was controverted before the circuit court by Dr. Slappey’s deposition testimony, which indicated that Peters’s cries of pain that some had called “exaggerated” were authentic and that Peters had failed to cooperate with the therapy simply because he was physically unable to do so.
The trial court erred in failing to consider this new evidence, which was not available to the Retirement Board at the time it rendered its decision. Upon our own consideration of this evidence, we hold that Retirement Board’s determination was manifestly wrong and that Peters’s mandamus petition to the *1371 circuit court was thus due to be granted. The judgment is reversed and the cause is remanded for the entry of a judgment consistent with this opinion.
REVERSED AND REMANDED.
ALMON, ADAMS, HOUSTON and KENNEDY, JJ., concur.